Today and that is Laskowski versus United States Department of Health and Human Services. In a tort action against the United States, the government is not required to compensate a plaintiff twice for the same injury. The district court violated this rule against double recovery when it refused to offset the damages award by the amount of Mr. Laskowski's future veteran's disability benefits, which were awarded for the same injury that forms the basis of this tort action. This aspect of the district court's decision should be reversed. Let me ask you for what I'd characterize as an update. In the appendix, specifically at page 223, there's a suggestion or a copy of a notice actually to Mr. Laskowski that the VA believes his condition could improve or worsen in the future and it was to schedule an examination for him. Has that examination taken place? Yes, your honor, that examination has taken place and there's been a review. So it takes a little bit of explaining to say what happened. And the basic conclusion is that his benefits have remained the same. Essentially he's now 100% disabled, whereas he was partially disabled with a finding of individual unemployability before. So now he is rated as 100% disabled, which means that he continues to get the 100% rate. Thank you. Let me go to something that really hasn't been spoken to, I don't believe, in either side's briefing, nor was it really addressed by the district court. I've wrestled with this in this case from the start. I know that it is your position that Judge Mundley erred. I'm sure also that both sides agree that he correctly stated that this is not a situation where we could apply the collateral source rule. So he's right in that respect. But if he erred, was his error legal in nature or was it factual in nature? And I ask that because ultimately it seems what he was saying or speculating is that there is some probability that these benefits will be discontinued or altered in some way. And yet there are no factual predicates in the record that I was able to see that would support that if it's a finding of fact. Your Honor, we believe it's a question of law and the legal issue is whether when someone has been awarded disability benefits and they're currently entitled to them, whether a future offset is required. I didn't think Judge Mundley disagreed with that legal principle. I thought he understood that a set-off is required. The question is how do you measure what the set-off is going to be? Isn't that a factual determination? Isn't that where the fact finder's best judgment comes into play in terms of deciding what's that amount? That would be a factual question, Your Honor, but that's not exactly what happened here. So Judge Mundley did agree that past benefits were used as an offset and so we agree that an offset of some kind is required. He would have granted a full offset of guaranteed future benefits, would he not have? Wasn't he looking for that type of evidence? I believe that's correct, Your Honor, but a guarantee is the wrong legal standard and that's exactly what we're getting at here. Well, what is the legal standard? What is the nature of the proof that must be offered by a defendant in this case because the defendant has the burden of proof on the offset, correct? Yes, Your Honor, that's correct. What is the nature of proof? Is it simply that we're paying 100% disability benefit now and we'll just go by his anticipated life expectancy or whatever period of time that benefits are to be paid and take the present value of that? Is that all the proof is? Yes, Your Honor, that's all that's required because he's currently entitled to those benefits. But wouldn't there be some statistical basis that could be presented to the fact finder for saying what's the probability that these benefits will continue for what period of time as an evidentiary peg for the fact finder to hang the conclusion on about the amount that should be set up? To the extent that there's a factual component to this, it should be about how likely he is to improve and the District Court judge found as a factual matter that he was not going to improve and that he would remain unable to work for the rest of his life. Was that the factual determination or was it expressed more vaguely by the District Court with respect to the possibility or likelihood, whichever it may be, that Congress and or the VA might somehow alter either the benefits regime or entitlement to these benefits in Mr. Laskowski's particular case? Your Honor, we think this goes to the heart of the problem. The District Court judge did apparently believe that it was possible that these benefits could be revoked. Of course, it could be. Clearly, in fact, didn't he rely on a District of Maine opinion? Yes, he did rely on the Poirier case, which we believe is distinguishable. I can get back to that. It doesn't bind us anyway, but let's return to basics. Let's return to what the evidence was in this case. In fact, and I was going to get to the issue of burden, but first of all, we would all have to agree that the burden of proving damages is on the point. Yes, Your Honor. In fact, isn't there evidence in the record from an economist or other expert? I specifically refer to Exhibit 108, and I think that was offered by Mr. Laskowski. But 108 not only puts into evidence future loss in earnings, it puts into evidence future offset. Yes, Your Honor. It contains, by virtue of plaintiff's own presentation of evidence, evidence of the offset. Exactly, Your Honor. From which the district court could ultimately make a factual determination, right? That's exactly right. Depending upon likelihood or probability. Yes and no. So the likelihood and probability issue here has to do with whether he'll be able to work, because if he's unable to work in the future, his benefits will continue by virtue of the disability benefits scheme. And yes, Congress could change that. That is always a possibility. And the sun might not come up tomorrow. Yes, Your Honor. It's impossible to not award. No offsets would ever be available if it were dependent on the fact that Congress could change the law. In fact, the likelihood of the sun not coming up tomorrow was greater than the likelihood that Congress will agree on anything tomorrow. That's entirely possible, Your Honor. That's true. I mean, so since the Supreme Court said in Brooks and in Brown that future offsets are required, it can't possibly be dependent on the fact that Congress could change the regime or that the regulatory regime could change. So all we're really talking about is the speculation that the VA would discontinue or reduce those And the court can't presume that because of the presumption of regularity. The agency will follow its own regulations. So since there was a factual finding that he was entitled to lost wages because he would not be able to work for the remainder of his life expectancy until age 67, and he's entitled to benefits now, and the regulations reflect that he can't have those benefits reduced or terminated except for some other completely irrelevant reasons, or if he were to materially improve, then that's all that's required. That's all the evidence that's necessary to be in the record. So is it your position that as a matter of law, when the plaintiff contends and the fact finder accepts the contention that the plaintiff will be disabled, unable to work for the balance of expected work life, then the offset would be matching. It would be for the expected work life of the plaintiff as well. Exactly, Your Honor. And even if it were for a limited period of time, if the district court had found that he would be unable to work for 10 years, then the government would be entitled to an offset for 10 years. Why did the government waive its entitlement to, it's under the statute 38-1151, where the statute seems to suggest if an individual who receives a tort claims judgment is also receiving benefits, that his benefits stop until such time as the benefits he would have received equal to judgment, and then it kicks back in. We wouldn't be here if you guys didn't waive that, right? That's not exactly right, Your Honor. I know the provision you're talking about. The benefits would have to have been awarded under a different statutory section for that to apply. I see. That section existed before the Federal Tort Claims Act, and so it was for a different type of situation. So why did you have to go even out of the way to send a letter? I don't know if it was you, but the government sent a letter indicating to the plaintiff, we're not going to apply this statute, but we're reserving our right to seek an offset against the judgment. Why did you even make reference to that if it doesn't apply? I'm not exactly certain why the letter was required. I know that the VA has no statutory or regulatory authority to stop benefits under these So I'm not sure exactly why it was couched that way or why the letter was submitted, but they simply aren't able to do that. There's no mechanism for them to do that. Okay, thank you. Thank you, Your Honor. So, in other words, essentially it's a question of law to get back to the original question because it's a legal issue whether an offset is required when someone is entitled to benefits at the current time. Well, but didn't the district court acknowledge that that is a legal requirement, that there be an offset? The difference is what he determined was that the offset could not factually be justified because of the possibility, the factual possibility, that in the future there might be some change in the benefits regime by Congress or some determination by the VA relative to an entitlement. I mean, if you've said he's speculating, has not that been your argument, at least in part, that the district court speculated, or is that my word? We did say that it was a speculative statement, Your Honor. Well, you can't speculate about the law, can you? You can't speculate about what an event might be or speculate what a factual development might be. That's true, Your Honor. And certainly the district court agreed that an offset is required for past benefits or that an offset could be required for future benefits. But we believe that as a matter of law an offset is required for future benefits without any kind of factual assessment other than the assessment about, of course, how long he will be unable to work, which was already done. There can't be any kind of guarantee. There can't be any kind of factual assessment. Couldn't there be a statistical basis for determining how long benefits continue in this type of circumstance, post-traumatic stress disorder, how long benefits continue to be paid, probabilities of recovery, et cetera? The probability of recovery had to do with the factual finding about how long he would be unable to work. There's really no, I mean, it should be congruent. If he maintains this level of disability, he will maintain the same level of benefits under the regulations. So that's not really a factual matter except as to the medical evidence. Thank you, Your Honor. Thank you. We'll have you back on rebuttal, Ms. Smith. Mr. Dempsey. Good morning. My name is John Dempsey. Dan Breyer and I represent Stan and Marisol Laskowski. Judge Smith, I believe you framed the issue when you said Judge Munley agreed it was a legal requirement that there be set-off, but he found there had not been a factual basis to grant a set-off, and that is, of course, the problem. Actually, if I said that, I didn't mean it that way. I didn't say that there hadn't been a factual basis in the record. I said that he would have, what I intended anyway was he made a factual determination that certainly he agreed that a right of set-off is a legal issue. But factually, but whether or not there would be some diminution in the future or some possibility of it is instead a factual matter. And I believe that the government's response to that point you made was that the government believed it did not need to make an additional factual showing on the point, which, of course, misses the standard in the Third Circuit about the award of personal injury damages. And I'd like to illustrate to the court what I think the government has done here because I believe its entire position on the issue of set-off is predicated on a misunderstanding of the trial record. What the government has argued to this court is that it has the burden, the government has the burden of demonstrating that these VA benefits are expected benefits. They take that, they acknowledge that burden at page 5 of their reply brief. The government then says to this court at page 10 of their reply brief that the parties had calculated the present value of Mr. Laskowski's expected future VA benefits and stipulated to that amount. And the government continues, therefore, no additional factual record was necessary. The government would have this court believe that the parties stipulated that the benefits were expected and that we agreed as to amount. And, Judge Smith, you made reference to that in one of the questions you asked about the Economist exhibit. Well, exhibit 108 is your exhibit or your client's exhibit, isn't it? It is, Judge. And, in fact, you put into evidence the amount of offset. So it was in the record. But here's the key point, and I want to make sure to be very clear about it. When you look, I've just read to you from the government's brief, where the government says the parties stipulated as to expected benefits and stipulated as to the amount of those benefits. Therefore, the government argues to this court, it had no burden to make any further facts showing. The evidence was in the record. And I would direct the court to the actual stipulation, to page 163 of the joint appendix where we did stipulate. And what we say, and I'm going to read verbatim the stipulation. If the court determines that the United States is entitled to an offset for Mr. Leskoski's non-guaranteed monthly VA benefit in excess of an earlier determination that the government had made, then the set-off amount is agreed. But it was for the court. It was for the district court to determine as a matter of fact, Judge Vanaski, what the fair reduction of the damage award would be, which is entirely consistent with this court's holding in United States v. Barnes, also a Federal Tort Claims Act case. So the determination by the district court was to apply no offset at all, which at least as a matter of recent history has demonstrated that double recovery has resulted for at least a short period of time. And the court, and Judge, the court properly made that determination to apply no offset based upon the record before the court. And to make the point where the government suggests in its brief to the court that the parties had stipulated that the VA benefit was an expected benefit, and therefore they say no additional record was necessary. When you look at the stipulation, what you see is that the parties did not agree the VA benefit was expected to continue. We asked for a stipulation on that very point prior to trial. What stipulation did you request? We asked for a stipulation either that the government sign an agreement that would say the benefit was guaranteed to continue. So it was guaranteed the same as expected? No. I believe it is not, Judge. So what evidence should the government have presented then to show that these benefits were expected to continue? The government should have called the witness to explain to the court how Stan Leskowski would fare under the VA's disability standards. You mean based upon his condition, or do you mean based upon the existence of a federal program to fund these sorts of benefits? I mean both, Judge. The government... How could the government do that? They have his current condition, the condition at the time, and Judge Smith asked what is his condition to date, and he continues to receive. You would want something, I think Judge Vanaski was suggesting, as some kind of statistical proof that someone who suffered his condition continued to suffer that condition throughout his working life. You think the government was obligated to first prove that and then have to prove somehow that aside from the presumption of regularity that agencies continue to fulfill their obligations, that this funding stream would exist? They'd have to prove both those things? Well, I want to make sure I understand the question. Sure. The government would have an obligation under this court's test in United States v. Barnes. After the plaintiff has proven damages, the government seeking to reduce those damages has the burden to come to court and to offer the proper amount of reduction. Well, you would have a stipulation as to the quantity. Quantity, correct. But what we absolutely do not have is a stipulation that the VA would continue to treat Stan Leskowski as entitled to a particular 100% disability rating for the rest of his life. And the government argues in its brief for the very first time, they never argued to Judge Munley that so long as Mr. Leskowski remains unable to work, he will continue to receive his current VA disability benefit at the current level. That is nowhere in the trial record. Was there anything in the trial record that would support the assertion that these VA benefits would disappear and that he wouldn't continue to receive? Because that's the essence of, as I drew from the district court opinion, is relying on the district court case that says, basically, we have no guarantee that things will continue, and because there's no guarantee, we're not going to offset. And that seems to be exactly what the district court did here. I don't agree that Judge Munley based his decision on the requirement of a guarantee. I do believe that Judge Munley concluded, as a matter of fact, based upon the record before him, that those benefits were not expected benefits. The plaintiff did not have a reasonable expectation, based upon the proof offered to Judge Munley, that those benefits would continue into the future. And, Judge, just to put a very fine... Isn't that at odds with Exhibit 108 setting out an offset, since it's plaintiff's own expert doing so? Well, what Exhibit 108 does is it identifies if the court concludes that Sergeant Laskowski is going to continue to receive a 100 percent disability payment for the rest of his work life, here is the value, the calculated value of what that offset would be. But what it does not do, Judge, is to suggest that the parties had agreed he would do so. In fact, and it's a critical point, the United States of America did not try that case. The United States of America made the judgment at trial to argue to the trial court that Mr. Laskowski would improve, that he was not going to be 100 percent disabled for the rest of his life. They submitted a post-trial proposed finding of fact that suggested his condition had improved. And they submitted a finding of fact that suggested he could go back to work. The government did not argue at trial that the VA benefit was likely to continue for Stanley Laskowski. They argued the exact opposite. So the evidence that was before Judge Munley was exactly zero. We had signed a stipulation, the parties signed a stipulation, where the VA, rather than put a witness on and do what Judge Vanaski suggested, give statistical likelihood that the benefit would continue, or simply to say, here are the standards that we at the VA apply to decide whether this individual will be 30 percent PTSD disabled, which is what they've rated him at one point, 100 percent PTSD disabled, which is what they've rated him at one point, 50 percent PTSD disabled, which is what they've rated him at one point, 70 percent PTSD disabled, which is what he was rated at the time of trial. Bring someone in to explain to the judge, here are the standards we apply. They are not, of course. Isn't there an inconsistency, though, in the district court's finding that it has made a factual determination that he will be disabled for the remainder of his life for purposes of calculating future lost earnings? An inconsistency with them saying, but the benefits that he's receiving, based upon my factual determination that he is now 100 percent disabled and will continue to be 100 percent disabled, wouldn't it necessarily follow that there should then be an offset for what the judge has determined is to be the likely scenario, that is, he is 100 percent disabled? No, Your Honor. Maybe at 30,000 feet there may appear to be an inconsistency, but what Judge Mundley is very careful to do in his opinion, which carefully considers this very issue, is to say that the VA will re-evaluate Mr. Liskowski on their own rules and their own standards, not ours, not the Middle District of Pennsylvania rules. And the VA signed a stipulation prior to trial because we wanted them to bring a witness into court so we could make the very point on the record that Stan Liskowski's PTSD disability in the eyes of the VA had fluctuated over the period of time where he had been, from our perspective, disabled. But yet under their standard, his disability changed. And so we wanted a witness to come in and explain why that was. But that wasn't why the district court denied the offset. The district court denied the offset because it felt that the VA stream of revenue could potentially end. Oh, I'm not suggesting that that's the basis that the... Well, that's what I'm trying to review with you right now, that the factual, the basis of the factual determination, we're going to call it that, is this view that the VA benefit could end at some point. And so the district court seemed concerned about that. And as I understood it, for that reason, declined to have the offset. What quality of proof should the government have put forth to support? Judge Schwartz, that was certainly one concern that Judge Munley identified, that the government at any point in time has the ability to discontinue the VA benefit. And the suggestion has been that that is not a likely event. Judge Munley also identified other concerns that he had about the nature of the VA benefit. His concern and his opinion is that it is the VA who in its sole discretion will make the determination of whether Mr. Laskowski remains disabled at the current level, and they will do so based upon employability standards that are difficult to articulate with any specificity. That's what Judge Munley says. And he had no witness come into court to explain to him what those standards were. He also says it is unclear when and how often the VA will exercise their sole discretion to review Mr. Laskowski to determine whether he continues to be disabled. And the issue, Judge, is that the only evidence before the district court on the question of whether those VA benefits that are so important to our client would continue into the future was a stipulation signed by both parties. And in the stipulation, what the parties agreed is that the VA in its sole discretion will decide whether those benefits continue at the current level and whether they are increased, decreased, or remain the same. And so Judge Munley was stuck with that before him. And the VA, having made no proof to him or suggested or argued in any way that those benefits will continue, now fault him for failing to conclude as a matter of fact that the VA benefit would continue at 100%. And, Judge, the benefit was not even 100% when we tried the case. It was 70%. They fault Judge Munley for failing to have reached a factual conclusion that the benefits should continue until Mr. Laskowski reached age 67. And they offered him no evidence, not one witness, not one document, no explanation for what standard the VA applies under Title 38 to determine whether Mr. Laskowski remains disabled. And against that record, Judge Munley made a factual finding and the test for this court to evaluate the factual finding. And I want to be clear about what Judge Munley found. He was distinguishing an 11th Circuit opinion in United States v. Cole. And in that case, the trial court had awarded damages to a veteran. And the matter went up on appeal, and the trial court had also worked a set-off. The trial court effectively ordered the VA benefits to cease until the VA benefit had reached $384,000, which was the amount of the award. And the 11th Circuit said, we don't think the trial court can do that. We think the trial court has reached too far in ordering the VA benefit to cease. Well, that's because of the authority of the VA. Exactly. Not for any other reason. Exactly. But the 11th Circuit said, we'll remand the case to the district court to award damages and to reduce the future wage loss damage by the expected benefit. Judge Munley deals with the case very directly in his opinion. And what he says is, in the Cole case, the court was dealing with expected benefits, benefits that are expected to continue. Here, what I have before me is a situation where I have benefits that are possible, uncertain, future, and not guaranteed. So I'm not dealing with expected benefits. And he made that determination as a matter of fact. And he did so in the context of Cole. And another reason the Cole case and Judge Munley's handling of it is so important is because if Judge Munley had applied the standard of requiring a guarantee before he would give an offset, which is what the government has done. Your time is up, Mr. Dempsey. You can continue that thought, but then your time is up. The last thought, Your Honor, is that had Judge Munley applied the standard that the government urges he did, which is to default him for requiring that the benefit be guaranteed, and absent a guarantee, then there should be no set-off. That's what the government argues Judge Munley decided. And respectfully, that is absolutely not what he decided. And I would ask the court to look at the way Judge Munley handled the decision in Cole. Had Judge Munley decided that— All right. We're now beyond a minute of additional time. Thank you, Your Honor. I appreciate it. Thank you. Ms. Smith, rebuttal. Thank you, Your Honors. I just have a couple of quick points. First of all, I would like to point to page 63 of the joint appendix where Judge Munley's opinion says, it is inappropriate to provide a set-off for non-guaranteed future benefits. It seems fairly clear that Judge Munley thought that benefits had to be guaranteed to continue. But even if that's simply semantic, what's also semantic is the distinction between expected benefits and the category of uncertain benefits that the judge created. Benefits are expected because Mr. Laskowski is entitled to them now and also because of the factual finding that Judge Munley made that he would be unable to work until age 67. Those are the factual findings there, and it's a contradiction to say that notwithstanding those facts, he's going to possibly have his benefits terminated in the future. If that happens, it will be because the judge incorrectly found that he would be unable to work or that he would never improve. If he does improve materially, and it's very difficult to show that someone has made a material improvement under the VA's regulations, and there's almost a presumption that they'll continue and the veteran is given every benefit of the doubt, if that were to occur, that would be fortunate, and the judge would have been wrong in the factual finding that he would be unable to work. And that's the only circumstance in which benefits would be legally revoked. There was no need for a witness to explain the law to the judge. The submission by the government referred to the statute and regulations that govern when VA benefits are available, and the judge was perfectly capable of assessing on his own whether those standards were or weren't congruent to the standards that need to be shown in a short action. There's no need for an expert witness to explain whether those legal standards are congruent or not. If the VA had not determined or had determined that Mr. Laskowski was not disabled and the district court had come to an opposite conclusion and decided that not only was he currently disabled, but he'd remain disabled for the rest of his life, would the government then be entitled to an offset? I'm sorry, Your Honor, if the VA were not... If the VA had determined that Mr. Laskowski is not disabled, he's not receiving any benefits at the time of trial, but Mr. Laskowski says, I am disabled, and he convinces the fact finder that he's disabled and is going to be disabled for the rest of his life. Under that scenario, would the government be entitled to an offset? Absolutely not, Your Honor. It would be an entirely different situation if someone had not applied for benefits or if they had not been awarded benefits. There's nothing to offset. Exactly, Your Honor. That would be an entirely different situation. So the district court did require a guarantee and says so pretty clearly, but in any event, there's really no distinction that he's trying to draw between expected and uncertain benefits when someone has been awarded benefits and found disabled by the VA. And if the court does believe that this is a factual issue, then it's certainly clear error, because it's a contradiction to say that Mr. Laskowski will remain unable to work for the rest of his life, that he is currently receiving benefits, and yet that they're not expected to continue. Thank you, Your Honor. Thank you very much. Thank you to both sides for a well-argued case. We will take it under advisement, and we will...